## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT L. HOLLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:11-cv-323-TWP-DKL |
| | ) | |
| ARAMARK CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### E N T R Y

This matter is before the Court on Plaintiff Robert L. Holleman's ("Mr. Holleman") motions for entry upon land, [Dkt. 80] and [Dkt. 81], and his motion to compel the defendants to allow entry upon land [Dkt. 92].  Mr. Holleman seeks to be transported from the Pendleton Correctional Facility where he is currently being housed to the Wabash Valley Correctional Facility, where he was housed during the time of the incidents complained of in this case. He seeks to inspect the Secure Control Unit re-therm and photograph and videotape the food preparation and the trays, pans and utensils used in food preparation. He also seeks leave for him or his representative to search for "all writings of any kind, including but not limited to correspondence, memoranda, notes, pamphlets, books, computer printouts, fax documents, graphs, photographs, videotapes, and electronically stored documents, whether stored on tapes, cassettes, computers or other similar devices." Mr. Holleman further seeks access to witnesses who have information regarding his claims.

Mr. Holleman's motions [Dkt. 80], [Dkt., 81], and [Dkt. 92] are each **denied**. First, an inspection of the food preparation area and tools is not directed to the discovery of relevant evidence or likely to lead to the discovery of admissible evidence. Mr. Holleman's claims involve the conditions of food preparation in 2008 and 2009. Examining, photographing, or videotaping food preparation areas in their present condition would provide little information regarding the state of the food preparation areas several years ago. In addition, much of the discovery Mr. Holleman seeks "can be obtained from some other source that is more convenient, less burdensome, or less expensive" and therefore must be limited pursuant to Rule 26(b)(2)(c) of the *Federal Rules of Civil Procedure*. For example, Mr. Holleman can obtain the information he seeks through interrogatories, requests for production of documents, or other methods. To the extent Mr. Holleman complains that the defendants have failed to respond properly to his discovery requests, those discovery issues can be addressed in other ways, such as through the motions to compel which Mr. Holleman has already filed.

Next, Mr. Holleman seeks access to a wide range of written materials and unidentified witnesses. Again, these materials can be obtained through requests for production of documents, subpoenas, or other written methods. The production of the materials he seeks does not require the transportation of Mr. Holleman or his representative to the prison facility where these documents exist.

Finally, the defendants have objected to the transportation of Mr. Holleman to the Wabash Valley Correctional Facility based on security concerns. There is no

doubt that transporting a prisoner and permitting him access to facilities and files presents security issues. The court defers to the judgment of the prison officials in this context. *See Soto v. Dickey*, 744 F.2d 1260, 1269 (7th Cir. 1984)

For all of the foregoing reasons, Mr. Holleman's motions for entry upon land [Dkt. 80], [Dkt. 81], and his motion to compel [Dkt. 92] are each **DENIED**.

**IT IS SO ORDERED.**

Date:  04/05/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT HOLLEMAN
10067
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel