**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ROBERT L. HOLLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:11-cv-323-TWP-DKL |
| | ) | |
| ARAMARK CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motions to Compel Interrogatory Responses**

This matter is before the Court on two motions to compel filed by plaintiff Robert Holleman ("Mr. Holleman") seeking to compel interrogatory answers from defendants Teresa Littlejohn ("Ms. Littlejohn") and John Schilling ("Mr. Shilling"). A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2); (a)(3). The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). As discussed below, Mr. Holleman's motions to compel interrogatory responses from defendants Littlejohn and Schilling (Dkt. 97 and Dkt. 99) are **granted in part and denied in part**.

**I. Interrogatories as to which the motions to compel are denied**

Mr. Holleman's motions to compel are **denied** as to several of the Interrogatory questions. First, several of Mr. Holleman's interrogatories ask the defendants to provide their interpretation of a contract or policy. The defendants' answers that the contract or policies at issue speak for themselves are sufficient. Therefore, Ms. Littlejohn will not be compelled to

answer Interrogatories 4, 5, 17, or 18 and Mr. Schilling will not be compelled to answer Interrogatory 2.

Next, Mr. Holleman asserts that a number of Mr. Littlejohn's interrogatory responses conflict with testimony she provided at a hearing in a separate action. These are Interrogatories 3, 7, and 9. To the extent Mr. Holleman believes Littlejohn has perjured herself in these interrogatory answers, he may be able to use her previous testimony as impeachment evidence, but he is not entitled to dictate what her answers should be in this action or to try his case through discovery.[1] This reasoning also applies to Interrogatories 6, 8, 11, 12, 13, 17, 19, and 20 to Ms. Littlejohn and 3, 4, 5-7, 12, 18, 19, and 23 to Mr. Schilling. Mr. Holleman may be displeased by the defendants' answers to these interrogatories, but the Court may not compel them to answer these interrogatories in a fashion directed by Mr. Holleman.

## II. Interrogatories as to which the motions to compel are granted

Mr. Holleman's motion to compel will be **granted** as to the following Interrogatory Questions:

In Interrogatories 2 and 15 to Ms. Littlejohn, Mr. Holleman asks Ms. Littlejohn how many grievances were filed against the food service provider Aramark and how many complaints were filed about food service from 2008-2010. It appears that the parties are not in agreement as to the proper understanding of these two requests. Ms. Littlejohn responds that there is not an option in OGRE (the computer system that maintains the grievances) that allows an annual report to be pulled for complaints by topic. But Ms. Littlejohn has not answered whether she can search for individual complaints against Aramark or complaints about food service generally. Ms. Littlejohn **shall respond** to these interrogatories by stating whether she can search OGRE for (1)

---

[1] Mr. Holleman's motion to take judicial notice [dkt 135] is **denied** for the same reasons. Mr. Holleman may be permitted to use Ms. Littlejohn's previous testimony as evidence as necessary to support his claims, but he may not use it in this discovery dispute to compel Ms. Littlejohn to provide specific answers to his interrogatories.

complaints made against Aramark from 2008-2010 and (2) complaints made about food service from 2008-2010. If such a search is not possible, she may so state. If such a search is possible, she shall conduct the search, describe the results of her search and provide copies of all grievances identified in such search. To the extent that Ms. Littlejohn objects to these interrogatories asserting that they are more properly directed to Aramark, she is incorrect. Interrogatories may be answered and documents may be provided by the party who has custody or control over the documents and information. In this instance, Ms. Littlejohn's objection would be overruled because, as the Grievance Specialist for Wabash Valley, she is that party.

Next, Interrogatory 14 to Ms. Littlejohn asks her to describe her training and qualifications to be a Grievance Specialist. Ms. Littlejohn's response that Mr. Holleman previously filed a grievance regarding this issue is not responsive to the interrogatory question. Accordingly, Ms. Littlejohn shall **answer this interrogatory** question by describing her training and qualifications.

Interrogatory 16 to Ms. Littlejohn asks if she ever spoke to her supervisors about "the situation of the short food portions . . . ." She answers: "There are three (3) grievances concerning Food Service during 2009 & 2010 to which I provided a response. I was NOT the Grievance Specialist at the time the other grievances were responded to." Again, this answer is not responsive to the question. Ms. Littlejohn **shall answer** the interrogatory question whether she spoke to her supervisors about "the situation of the short food portions served by Aramark Corporation... ."

Interrogatory 16 to Mr. Schilling asks if the Food Service Director for Aramark ever communicated with Mr. Schilling by email, letter or memo concerning deficiencies found at Wabash Valley in 2008, 2009, and 2010. Mr. Schilling objects to this request as overly

burdensome. He also argues that it is unclear what deficiency means. Mr. Schilling has not provided sufficient detail to explain why this request is too burdensome. In addition, it is clear from the context that this Interrogatory is directed at determining whether Mr. Schilling had any written communications with Aramark's Food Service Director regarding complaints about food portions. Mr. Schilling shall respond to this interrogatory question by stating whether he communicated with the Food Service Director for Aramark by email, letter, or memo regarding complaints about food portions at Wabash Valley in 2008, 2009, and 2010. Further, he shall provide any documents related to such communications.

### III. Conclusion

Mr. Holleman's motions to compel interrogatory responses from defendants Littlejohn and Schilling (Dkt. 97 and Dkt. 99) are **GRANTED in part and DENIED in part** consistent with this entry. To the extent that his motions are granted, the defendants shall have **fifteen days from the issuance of this Entry** in which to comply with the rulings contained herein.

**IT IS SO ORDERED.**

Date: 07/25/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT HOLLEMAN
10067
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel