UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN,           )<br>                               )<br>        Plaintiff,            )<br>    vs.                        )<br>                               )<br>ARAMARK CORPORATION, et al.,   )<br>                               )<br>        Defendants.            ) | Case No. 1:11-cv-323-TWP-DKL |

**Entry Discussing Motions to Compel Production of Documents**

This matter is before the Court on two motions to compel production of documents by the defendants employed by the Indiana Department of Correction (the "State Defendants"), filed by plaintiff Robert Holleman ("Mr. Holleman"). A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2); (a)(3). The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). As discussed below, Mr. Holleman's motions to compel production of documents (Dkt. 115 and Dkt. 124] are **granted in part and denied in part**.

**I. Requests for production as to which the motions to compel are denied**

Mr. Holleman's motions to compel production of documents are **denied** in several of respects. First, the State Defendants argue Request #3 in Mr. Holleman's Third Requests for Production of Documents is vague because there was no time frame given. The Court agrees that Request #3 is too vague and the State Defendants **will not be compelled** to respond to it.

Request #9 in Mr. Holleman's First Request for Production of documents, requesting "all documents/and grievances . . . concerning Aramark Corporation, and the feeding of prisoners at the Wabash Valley Correctional Facility" is also overly vague and the State Defendants **will not be compelled** to respond to it.

With respect to some Requests, Mr. Holleman asserts his disbelief that there are no documents in the State Defendants' possession or that the defendants provided the responsive documents. These include Requests #5, 7, 8, and 10 in Mr. Holleman's Third Requests and Requests #10 and 11 in Mr. Holleman's First Requests. Mr. Holleman's disagreement with the State Defendants' responses to these Requests is insufficient to compel further production and his motions to compel are **denied** as to these requests.

## II. Requests for production as to which the defendants must provide a more detailed response

The State Defendants will be required to provide a more detailed objection to certain of Mr. Holleman's Requests for Production. These defendants object to a number of Mr. Holleman's discovery requests based on security concerns, but they do not elaborate on those security concerns. Without more information, the Court cannot determine whether this is a valid objection. These include Requests #1, 2, and 3, in Mr. Holleman's Third Requests and # 1, 2, 3, and 18 in Mr. Holleman's First Requests. Accordingly, the State Defendants shall have **fifteen days** from the date this Entry is issued in which to provide more detail regarding the security issues implicated in these discovery requests. **The State Defendants may provide this information in a filing with the Court under seal. The disputed documents may be filed for** *in camera* **review if necessary.**

Further, in response to Mr. Holleman's Third Requests # 1 and 2, the State Defendants maintain that "it is unclear any documents exist" and then make other objections, including the

security objection discussed above. In addition to providing more detail regarding the purported security concerns, the defendants shall have **fifteen days** in which to state with certainty whether the responsive documents exist.

### III. Requests for production as to which the motion to compel will be granted

The State Defendants object to several of Mr. Holleman's Requests because he is asking for documents related to food service to all inmates in the Secure Control Unit. The State Defendants argue that these requests are not relevant to Mr. Holleman's claims because he is the only plaintiff and therefore he does not need information about food service to any other inmates. But Mr. Holleman is suing Aramark, the private food service provider, and the State Defendants in their official capacities for their policy of providing insufficient meal trays. Accordingly, these Requests may lead to the discovery of admissible evidence and the defendants **will be compelled** to produce responsive documents. This ruling applies to Request # 6 in Mr. Holleman's Third Request for Production of Documents and 19 in Mr. Holleman's First Request for Production of Documents.

With respect to Request # 4 in Mr. Holleman's Third Requests for Production of Documents, Mr. Holleman seeks "[a]ll documents detailing the responsibilities of the Highest Ranking Custody Supervisor in charge of the Secure Control Unit at the Wabash Valley Correctional Facility for the years 2008, 2009, and 2010." The State Defendants respond "Lieutenant Nicholson is the custody supervisor in the Secure Control Unit. Please see attached documents … which is his work profile." To the extent that this response does not identify the dates on which Lieutenant Nicholson has been the custody supervisor or whether other documents exist regarding the responsibilities of the custody supervisor during the years 2008, 2009, and 2010, Mr. Holleman's motion to compel is **granted**. The State Defendants shall have

**fifteen days** from the date this Entry is issued in which to provide the requested documents or to state that all responsive documents have been produced.

The State Defendants also argue that Request # 9 in Mr. Holleman's Third Requests for Production of Documents is overly vague. This Request asks for "all documents (including any e-mails) between Lt. Scott King ("Lt. King"), and D. Leathers ("Mr. Leathers"), concerning dietary issues of short food portions/watered down food between October 2008, and April 2010." The Court finds that this request is not vague. The State Defendants **shall respond** to this request by providing all documents between Lt. King and Mr. Leathers regarding issues of short food portions or watered down food between October 2008 and April 2010.

### III. Conclusion

Mr. Holleman's motions to compel production of documents from the State Defendants (Dkt. 115 and Dkt. 124) are **GRANTED in part and DENIED in part** consistent with this Entry. To the extent that his motions are granted, the defendants shall have **fifteen days** from the issuance of this Entry in which to comply with the rulings contained herein.

**IT IS SO ORDERED.**

Date: 07/25/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT HOLLEMAN
10067
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel