UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT L. HOLLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 1:11-cv-323-TWP-DKL |
| ) | |
| ARAMARK CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motions to Compel Discovery**

This matter is before the Court on two motions to compel discovery from a non-party, the Indiana Department of Correction ("DOC"), filed by plaintiff Robert Holleman ("Mr. Holleman"). A party may seek an order compelling disclosure when someone on which discovery has properly been served has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2); (a)(3). The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). As discussed below, Mr. Holleman's motions to compel (Dkt. 126 and Dkt. 129) are **granted in part and denied in part**.

**I. The motion to compel filed on June 7, 2013**

First, in his motion to compel filed on June 7, 2013, (Dkt. 129). Mr. Holleman objects to the DOC's responses arguing that the attorney who represents the State Defendants in this action should not be permitted to provide the responses to his non-party requests to the DOC. But the attorney representing the State Defendants here is a Deputy Attorney General for the State of Indiana. The Indiana Attorney General's Office has a statutory duty to represent state agencies

that are engaged in litigation. *See* IND. CODE §§ 4-6-1-6, -2-1. It was not improper for this attorney to respond to non-party requests served on the DOC. It was also not improper for the responses to refer to discovery responses already provided to Mr. Holleman by the State Defendants. To require otherwise would be unreasonably duplicative. For these reasons, Mr. Holleman's motion to compel (Dkt. 129) is **denied**.

## II. The motion to compel filed on June 6, 2013

Mr. Holleman's similar motion to compel based on his disagreements with the DOC's responses to his non-party requests for documents (Dkt. 126) is **granted in part and denied in part** consistent with the following.

First, many of Mr. Holleman's requests to the DOC are duplicative of those already served on and responded to by the State Defendants. These include Requests 1, 3, and 6. To the extent that the DOC and the State Defendants maintain custody and control of the same documents, the Court discerns no conflict in permitting the DOC to respond by referring Mr. Holleman to document responses already provided by the State Defendants. Accordingly, Mr. Holleman's motion to compel responses to these Requests is **denied** to the extent Mr. Holleman asks the DOC to provide responses duplicative of those responses already provided. To the extent the Court has granted Mr. Holleman's motions to compel responses to similar requests by the State Defendants, the Court expects that the State Defendants will provide those responses and no duplication is necessary by the DOC. If the DOC has in its custody documents not in the custody of the State Defendants responsive to Requests 1, 3, and 6, the motion is **granted consistent with the following:** The DOC shall state with **fifteen days** whether there are responsive documents in its possession that were not provided by the State Defendants. If such

documents exist, the DOC defendants shall produce them within **fifteen days** of the date this Entry is issued.

With respect to some Requests, Mr. Holleman asserts his disbelief that there are no documents in the DOC's possession. These include Requests 2, 4, and 5. Mr. Holleman's disagreement with the DOC's responses that no documents exist or that all documents have been provided is insufficient to compel further production and his motions to compel are **denied** as to these requests.

### III. Conclusion

Mr. Holleman's motions to compel production of documents from the DOC (Dkt. 129) is **DENIED** and his motion to compel (Dkt. 126) is **GRANTED in part and DENIED in part** consistent with the foregoing. To the extent that his motions are granted, the defendants shall have **fifteen days** from the issuance of this Entry in which to comply with the rulings contained herein.

**IT IS SO ORDERED.**

Date: 07/25/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT HOLLEMAN
10067
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel