UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT HOLLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-323-TWP-DKL |
| ) | |
| ARAMARK CORPORATION, ) | |
| D. LEATHERS, ) | |
| JANE STADICK, ) | |
| ) | |
| Defendants. ) | |

## ENTRY DISCUSSING MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss. Plaintiff Robert Holleman ("Mr. Holleman"), an inmate at the Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his federally secured rights by failing to serve him adequate meals while he was incarcerated at the Wabash Valley Correctional Facility ("Wabash Valley"). Defendants David Leathers, Jane Stadick, and Aramark Corporation ("Aramark") (collectively, the "Aramark Defendants"), move to dismiss the claims against them. For the reasons discussed below, the Aramark Defendants' Motion to Dismiss (Dkt. 59) is **DENIED**.

## I. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) requires a plaintiff to clear two hurdles. *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must describe the claim in sufficient detail to give a defendant fair notice of the claim and the grounds on which it rests. *Id.* Although specific facts are not

necessary, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007). Second, the complaint must set forth a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007). The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC,* 496 F.3d at 776 (citing *Bell Atl. Corp.,* 550 U.S. at 555–56, 569 n. 14). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). However, legal conclusions are not accepted as true. A pleading containing only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not do. *Iqbal*, 556 U.S. at 678.

## II. DISCUSSION

Mr. Holleman alleges that the Aramark Defendants provided him with inadequate meals while he was housed in the Secure Control Unit ("SCU") at Wabash Valley. The Court will address the Aramark Defendants' motion to dismiss each claim in turn.

A. **Claims against Aramark**

    1. **Vicarious liability**

Aramark, a private corporation, moves to dismiss Mr. Holleman's claims against it arguing that it cannot be held vicariously liable for the acts Mr. Holleman alleges. "[J]ust as a municipal corporation is not vicariously liable upon a theory of *respondent superior* for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). To state a claim for liability against a private corporation under § 1983, a plaintiff must sufficiently allege that the corporation had an unconstitutional policy or custom that was the moving force behind the constitutional violation. *Id.* The Supreme Court has explained that plaintiff must establish that "through its *deliberate* conduct, the municipality [or corporation] was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the [] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the [] action and the deprivation of federal rights." *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997).

A causal link between the corporation's action and the constitutional violation can be shown by: "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008) (citing *Chortek v. City of Milwaukee,* 356 F.3d 740, 748 (7th Cir. 2004)). A plaintiff cannot merely assert the existence of a policy. *See Iqbal*, 556 U.S. at 682 (holding that Iqbal failed to plead sufficient facts to plausibly show a discriminatory policy); *see also Horwitz v. Bd. of Ed. Of Acvoca School Dist. No. 37*, 260 F.3d 602, 620 (7th Cir. 2001) (asserting that "on several occasions . . . the plaintiff or a representative informed the school board of the numerous violations of plaintiff's rights," and "the school board maintained a policy of ignoring such

violations in reckless disregard" was insufficient to state a claim for policy or practice, such that "the claim against the Board was properly dismissed"). Instead, the plaintiff must set forth some factual allegations of the policy. *Ketchem v. Donahue*, 2008 WL 4192069 (N.D. Ind. Sept. 8, 2008).

Mr. Holleman argues that he has sufficiently alleged an unconstitutional policy on Aramark's part. His amended complaint makes the following allegations with regard to a custom or policy:

> The Indiana State Department of Health ("ISDH") would routinely catch Defendant Aramark Corporation, serving short food portions on the trays to Plaintiff (and others). And catch Defendant Aramark Corporation watering down the food portions to stretch the food, served to prisoners (including Plaintiff), on the SCU (this injured Plaintiff by causing him not to receive proper calories on his food trays, starving him, and causing him pain). (Dkt. 22 at 8 & 16.)
>
> Defendant Aramark Corporation would play "a cat and mouse game" with the ISDH inspectors, fixing these problems for a week or so, and then start right back to the same routine, forcing Plaintiff to file another complaint, repeating this process, over, and over. (Dkt. 22 at 9 & 17.)
>
> Defendant Aramark Corporation's answer to each finding (deficiency), by the ISDH, was to file a "Plan of Action" agreeing to retrain Aramark staff to fix the deficiency, but the retraining did no good, as Plaintiffs trays were still short food daily. (Dkt. 22 at 9 & 18.)
> ….
> Defendant Aramark Corporation systematically served Plaintiff (and others), "childlike food portions" on all of his trays on the "Aramark regular diet." Along with watering down the food trays twice (once in the production kitchen, when preparing the food in bulk, and again on the SCU, prior to serving the food on the individual trays on the SCD). (Dkt. 22 at 9 & 21.)
> ….
> When Plaintiff complained about his food tray that day (May 10, 2009), he learned that at least eighteen (18), trays had been delivered onto the SCU by Defendant Aramark Corporation, similar to his, and that Defendant Aramark Corporation knew these trays were short food, and their food supervisor had just went home, leaving Plaintiff (and others), with almost nothing to eat for that meal. (This type of conduct was routine on the SCU, and harmed Plaintiff, starving him and leaving him in constant pain). (Dkt. 22 at 11 & 25.)

In short, Mr. Holleman has alleged that Aramark routinely provided him and other inmates with short food portions. He also states that on several occasions the Indiana State Department of Health investigated Aramark for these alleged deficiencies, and that Aramark would submit a required Plan of Action, but would return to its previous practices shortly thereafter. These allegations are sufficient to allege an unconstitutional policy on the part of Aramark of providing prisoners with insufficient meal portions.

### 2. Breach of Contract

Mr. Holleman also asserts a claim for breach of contract against Aramark. Specifically, Mr. Holleman alleges "The actions of Defendant Aramark Corporation in not following the published dietary menus and serving the Plaintiff 2500-2800 calories per their own published menus (and per the contract with the State of Indiana/Indiana Department of Correction), is a *breach of contract,* justifying a separate award of damages to the Plaintiff." Aramark moves to dismiss this claim on the basis that Mr. Holleman is not a party to the contract between Aramark and the State of Indiana, therefore he has no right to enforce it. However,

> [o]ne not a party to an agreement may nonetheless enforce it by demonstrating that the parties intended to protect him under the agreement by the imposition of a duty in his favor. To be enforceable, it must clearly appear that it was the purpose or a purpose of the contract to impose an obligation on one of the contracting parties in favor of the third party. It is not enough that performance of the contract would be of benefit to the third party. It must appear that it was the intention of one of the parties to require performance of some part of it in favor of such third party and for his benefit, and that the other party to the agreement intended to assume the obligation thus imposed.

*Haire v. Parker*, 957 N.E.2d 190, 195 (Ind. Ct. App. 2011) (quoting *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1315 (Ind. 1996)). Mr. Holleman, a prisoner of the State that has contracted with Aramark to provide his meals, has sufficiently alleged at this stage that he may

be entitled to recovery as a third-party beneficiary to the contract between the State of Indiana and Aramark.

**B.     David Leathers and Jane Stadick**

Mr. Leathers is being sued individually and as the food service provider for the Indiana Department of Correction ("IDOC"), and Ms. Stadick is sued individually and as the dietician for IDOC. Both Mr. Leathers and Ms. Stadick move to dismiss Mr. Holleman's claims against them arguing that, as supervisors, they cannot be held liable for the unconstitutional acts of their subordinates. Under Section 1983, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)). "Because vicarious liability is inapplicable to . . . § 1983 suits, the plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* 556 U.S. at 676.

With respect to these Defendants, Mr. Holleman alleges that they were supervisory employees of Aramark. But his Amended Complaint also alleges the following:

> Defendant's [sic] Aramark Corporation, D. Leathers, and Jane Stadick, conspired to take Plaintiff off of this no-gluten diet, based upon his grievances/complaints concerning the diet. And because of the unique nature of the diet (being the only individual in the Department of Correction on such a special diet). This was accomplished by these three (3), Defendant's [sic] conspiring to serve Plaintiff, approximately 500-calories per meal on his food trays, causing Plaintiff to lose a large amount of weight in a short period of time (by March 2009, Plaintiff weighed only 144lbs, per medical staff). (Dkt. 22 at 6 & 5.)
> ….
> Bottom line, Plaintiff did not receive the 2500-2800 calories per day; he was to receive from these Defendant's [sic] (Aramark Corporation, D. Leathers, Jane Stadick), and Defendant Schilling). And Defendants King, Petty, Littlejohn, and Lytle, by their inactions, covered up and conspired with, Defendant's [sic]

> Aramark Corporation, D. Leathers, Jane Stadick, and John Schilling, allowing this conduct to continue for months on end. (Dkt. 22 at 12 & 30.)
>
> ….
>
> Plaintiff states that Defendant's [sic] Aramark Corporation, D. Leathers, and Jane Stadick, fed him in the manner described above to save money, and to make money, for Defendant Aramark Corporation, at the expense of starving the Plaintiff (and other prisoners incarcerated on the SCU). (Dkt. 22 at 12 & 32.)
>
> ….
>
> In addition, Plaintiff was injured by Defendant's [sic] Aramark Corporation, Leathers, and Jane Stadick, by having to eat gluten in his diet for over one (1), year (between March 2009 (when Plaintiff was forced off of the no-gluten diet), and May 2010, by these Defendant's [sic] (based on their conduct, in forcing Plaintiff to eat 500-calories trays on the no-gluten diet). (Dkt. 22 at 15 & 41.)
>
> Plaintiff was then injured again by Defendant's [sic] Aramark Corporation, Leathers, Schilling, and Jane Stadick, once he came off of the no-gluten diet in late March 2009. By being served "child-like food portions" on his trays, watered down food, and missing food items on his food trays, causing Plaintiff to lose weight, and be in pain from constant hunger, This [sic] continued thru December 2009, when Plaintiff was allowed to then order commissary (food), to supplement that diet. (Dkt. 22 at 15 & 42.)

Although both Mr. Leathers and Ms. Stadick are in supervisory positions with respect to food service at Wabash Valley, Mr. Holleman's complaint alleges that these Defendants personally conspired to serve him inadequate meal trays and that they served him or allowed him to be served improper food portions. Here, Mr. Holleman has asserted that Defendants Leathers and Stadick participated in the alleged constitutional violations. This allegation is sufficient at this stage of the proceedings to state a claim.

### III.  CONCLUSION

To survive a motion to dismiss, the "allegations [of a complaint] must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC,* 496 F.3d at 776 (citing *Bell Atl. Corp.,* 550 U.S. at 555–56, 569 n. 14 (2007)). Mr. Holleman's complaint against the Aramark Defendants satisfies this standard. Accordingly, the Defendants' Motion to Dismiss (Dkt 59) is **DENIED**.

**SO ORDERED.**

Date: 08/27/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert Holleman, #10067
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064

Matthew James Schafer
DREWRY SIMMONS VORNEHM, LLP
mschafer@dsvlaw.com

Thomas J. Grau
DREWRY SIMMONS VORNEHM, LLP
tgrau@dsvlaw.com

Grant E. Helms
OFFICE OF THE ATTORNEY GENERAL
grant.helms@atg.in.gov